B1 (Official Form 1) (04/13)

| United States Bankruptcy Court<br>Middle District of Florida | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Baker, David M. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Baker, Patricia L. |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>aka David Michael Baker | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>aka Patricia Lee Baker |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):  3252 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):  2486 |
| Street Address of Debtor (No. and Street, City, and State)<br>1624 SW 43rd Terrace<br>Cape Coral, FL<br>ZIPCODE 33914 | Street Address of Joint Debtor (No. and Street, City, and State)<br>1624 SW 43rd Terrace<br>Cape Coral, FL<br>ZIPCODE 33914 |
| County of Residence or of the Principal Place of Business:<br>Lee | County of Residence or of the Principal Place of Business:<br>Lee |
| Mailing Address of Debtor (if different from street address):<br>4580 Sweden Walker Road<br>Brockport, NY<br>ZIPCODE 14420 | Mailing Address of Joint Debtor (if different from street address):<br>4580 Sweden Walker Road<br>Brockport, NY<br>ZIPCODE 14420 |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other  N.A. | ☐ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☑ Chapter 13<br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable) | Nature of Debts<br>(Check one box) |
|---|---|---|
| Country of debtor's center of main interests: _____<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: _____ | ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☑ Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  ☐ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only)  Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D)<br>☐ Debtor is not a small business as defined in 11 U.S.C. § 101(51D)<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - -<br>Check all applicable boxes<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver 4.7.8-816 - 30534-302JV

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):**<br>David M. Baker & Patricia L. Baker |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location<br>Where Filed:   NONE | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed:   N.A. | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor:   NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br><br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)       Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
**(Check any applicable box)**

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
**(Check all applicable boxes)**

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.8-816 - 20334-802V-*****

| B1 (Official Form 1) (04/13) | Page 3 |
|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>David M. Baker & Patricia L. Baker |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
(Date)

### Signature of Attorney*

X _____
Signature of Attorney for Debtor(s)

RICHARD J. HOLLANDER 884900
Printed Name of Attorney for Debtor(s)

Miller & Hollander
Firm Name

2430 Shadowlawn Drive, Suite 18
Address

Naples, FL 34112

239-775-2000
Telephone Number

_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, (2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. ver. 4.7.6-816 - 30534-302Y - *****

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida

In re David M. Baker & Patricia L. Baker
_____
Debtor(s)

Case No._____
(if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B1 D (Official Form 1, Exh. D) (12/09) – Cont.                                                                    Page 2

❑  3.   I certify that I requested credit counseling services from an approved agency but
was unable to obtain the services during the seven days from the time I made my request, and the
following exigent circumstances merit a temporary waiver of the credit counseling requirement
so I can file my bankruptcy case now.  *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit
counseling briefing within the first 30 days after you file your bankruptcy petition and
promptly file a certificate from the agency that provided the counseling, together with a
copy of any debt management plan developed through the agency.  Failure to fulfill these
requirements may result in dismissal of your case.  Any extension of the 30-day deadline
can be granted only for cause and is limited to a maximum of 15 days. Your case may also
be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case
without first receiving a credit counseling briefing.**

❑  4.   I am not required to receive a credit counseling briefing because of: *[Check the
applicable statement.] [Must be accompanied by a motion for determination by the court.]*
    ❑  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental
illness or mental deficiency so as to be incapable of realizing and making rational
decisions with respect to financial responsibilities.);
    ❑  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the
extent of being unable, after reasonable effort, to participate in a credit counseling
briefing in person, by telephone, or through the Internet.);
    ❑  Active military duty in a military combat zone.

❑  5. The United States trustee or bankruptcy administrator has determined that the credit
counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

    **I certify under penalty of perjury that the information provided above is true and
correct.**

Signature of Debtor:  _____
                 DAVID M. BAKER

Date:  _____

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida

In re  David M. Baker & Patricia L. Baker                          Case No._____
                    Debtor(s)                                                      (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7-848/6 - 30534-302Y-*****

B1 D (Official Form 1, Exh. D)  (12/09) – Cont.

❏  3.   I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏  4.  I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
 ❏  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
 ❏  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
 ❏  Active military duty in a military combat zone.

❏  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Joint Debtor:_____
                                                        PATRICIA L. BAKER

           Date: _____

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. ver 4.7.8-816 - 30334-302Y-*******

B6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
### Middle District of Florida

In re ___David M. Baker & Patricia L. Baker___

_____

Debtor

Case No. _____

Chapter ___13_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $ 392,595.00 | | |
| B – Personal Property | YES | 3 | $ 41,204.00 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 2 | | $ 333,838.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $ 14,301.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $ 6,272.00 |
| J - Current Expenditures of Individual Debtors(s) | YES | 3 | | | $ 0.00 |
| TOTAL | | 18 | $ 433,799.00 | $ 348,139.00 | |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.8-816 - 30334-302Y-*****

# United States Bankruptcy Court
## Middle District of Florida

In re    David M. Baker & Patricia L. Baker
_____
Debtor

Case No. _____

Chapter    13 _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 0.00 |

**State the Following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 12) | $ 6,272.00 |
| Average Expenses (from Schedule J, Line 22) | $ 0.00 |
| Current Monthly Income (from Form 22A Line 12; **OR,** Form 22B Line 11; **OR,** Form 22C Line 20 ) | $ 1,063.00 |

**State the Following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 121,201.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 14,301.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 135,502.00 |

B6 Cover (Form 6 Cover) (12/07)

## FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtor(s)

Unsworn Declaration under Penalty of Perjury

GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any amendments thereto must contain a caption as in Form 16B. Subsequent pages should be identified with the debtor's name and case number. If the schedules are filed with the petition, the case number should be left blank

Schedules D, E, and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or it part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed on Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. ver 4.7.8-816 - 30334-302Y-******

B6A (Official Form 6A) (12/07)

In re   David M. Baker & Patricia L. Baker _____        Case No. _____
          **Debtor**                                                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Homestead property - see Exhibit "1" attached<br><br>1624 SW 43rd Terrace<br>Cape Coral FL 33914 | | J | 150,295.00 | Exceeds Value |
| Building in Rochester NY - see Exhibit "2" attached hereto<br><br>1049 - 1051 Dewey Avenue<br>Rochester NY 14613 | | H | 92,000.00 | 11,363.00 |
| Home in Monroe County NY - see Exhibit "3" attached<br><br>4580 Sweden Walker Road<br>Brockport NY 14420 | | J | 103,300.00 | 56,522.00 |
| Home in Monroe County NY - see Exhibit "4" attached<br><br>301 Birr Street<br>Rochester NY 14513 | | H | 47,000.00 | 1,926.00 |
| | | Total ➤ | 392,595.00 | |

(Report also on Summary of Schedules.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc.. ver. 4.7.8-816 - 30334-302Y-*****

||||| |||| ||| |||| |||||| |||| ||||

Return to
Name:    Elizabeth A Nyce
Address:    Paradise Title Services, Inc.
         4919 CORONADO PARKWAY
         SUITE 10
         CAPE CORAL, Florida 33904

This Instrument Prepared:
         Elizabeth A Nyce
         Paradise Title Services, Inc.
         4919 CORONADO PARKWAY
         SUITE 10
         CAPE CORAL, Florida 33904
as a necessary incident to the fulfillment of conditions
contained in a title insurance commitment issued by it.

INSTR # 6386282
OR BK 04388 Pg 3572; (1pg)
RECORDED 08/04/2004 08:55:10 AM
CHARLIE GREEN, CLERK OF COURT
LEE COUNTY, FLORIDA
RECORDING FEE 6.00
DEED DOC 1,295.00
DEPUTY CLERK K Crayton

Property Appraisers Parcel I.D. (Folio) Number(s):

Grantee(s) S.S.#(s):
File No:20040768

## WARRANTY DEED

This Warranty Deed Made the 19th day of July, 2004, by ERNESTO PECORARO and NYDIA PECORARO, HUSBAND AND WIFE, hereinafter called the grantor, whose post office address is: 1901 Ocean Avenue, SPRING LAKE, New Jersey 07762

to DAVID BAKER and PATRICIA BAKER, HUSBAND AND WIFE, whose post office address is: 4580 SWEDEN WALKER ROAD, BROCKPORT NY 14420, hereinafter called the grantee,

WITNESSETH: That said grantor, for and in consideration of the sum of $10.00 Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situate in Lee County, Florida, viz:

Lots 19 and 20, Block 4742, Unit 70, CAPE CORAL, according to the plat thereof, recorded in Plat Book 22, Pages 58 through 87 of the Public Records of Lee County, Florida.

The property is not the homestead of the Grantor(s).
TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.
To Have and to Hold, the same in fee simple forever.
And the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to 2003, reservations, restrictions and easements of record, if any.
(The terms "grantor" and "grantee" herein used shall be construed to include all genders and singular or plural as the context indicates)
In Witness Whereof, Grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witness Signature: _____
Printed Name:    BRIGITTE BAIS

Witness Signature: _____
Printed Name:    BRIGITTE BAIS

witness * Jamie White
            Jamie White
STATE OF Florida
COUNTY OF Pinellas

ERNESTO PECORARO (Jr.) _____

NYDIA PECORARO _____

The foregoing instrument was acknowledged before me this  21  day of  July  , 2004  by ERNESTO PECORARO (Jr. and NYDIA PECORARO, who is/are personally known to me or who has/have produced driver license(s) as identification.

My Commission Expires:

Brigitte Bais
My Commission DD083811
Expires January 13, 2008

Printed Name:
Notary Public
Serial Number

homested
1

Oct 27 14 08:26a
p.3



For use for Foreclosure Properties Only

| | |
|---|---|
| **Agreement No:** | PPN000000004270 |
| **Reference:** | 1049 - 1051 DEWEY AV |
| **ATFS Property ID:** | NY000028101 |
| **Agreement Date:** | October 21, 2014 |

## TAX LIEN REPAYMENT AGREEMENT

## WHEN SIGNED, THIS WILL BE A LEGALLY BINDING AGREEMENT, YOU SHOULD CONSULT WITH AN ATTORNEY OF YOUR CHOICE REGARDING HOW THIS AGREEMENT MAY AFFECT YOUR RIGHTS.

THIS AGREEMENT is made by and between Cheswold (TL), LLC ("Lien Holder") the holder of real property tax liens ("Tax Liens") against the tax parcel located in the City of Rochester and the State of NY and known as Tax Account No.: 090.74-1-5, said parcel appearing on the City of Rochester tax assessment roll known as 1049 - 1051 DEWEY AV, Rochester, NY   ("Property") and   BAKER DAVID M ("Payor").

Lien Holder and Payor agree as follows:

1.  Payor acknowledges the Tax Liens have not been paid.

2.  Lien Holder has commenced an action to foreclose the Tax Liens.  Payor acknowledges that the Tax Liens are in default and hereby, consents to the jurisdiction of the court.  Payor has no defense to the foreclosure action, agrees not to contest the foreclosure action and consents to the entry of a judgement of foreclosure and sale.

3.  Payor understands that Lien Holder has the right to enforce the Tax Liens including the right to continue the foreclosure action.

4.  Payor has requested that the Lien Holder stop further advancement of the foreclosure action.

5.  Lien Holder has agreed to stop the further advancement of the foreclosure action provided that the Payor repays the Tax Lien pursuant to this Agreement.

6.  Provided the Payor makes the payments described below, within the time allowed for such payments, and does not transfer any interest in the Property, Lien Holder agrees not to further advance the foreclosure action.

7.  If the payments described below are not paid within the time allowed for such payments, or if the Payor shall transfer any interest in the Property, Lien Holder's agreement not to further advance the foreclosure action will end and Lien Holder will resume the foreclosure action from the point where it was placed on

8.  If all of the payments described below are paid within the time allowed for such payments, Lien Holder will file papers necessary to end the foreclosure action.

9.  As of October 21, 2014, the amount due to Lien Holder with respect to the Tax Liens included i Repayment Agreement is _____ $11,363.78 _____ ("Balance Due"). This Balance Due include amounts set forth on Schedule A attached to this Agreement.



sch. D2
tax lien
holder  Dewey Ave.

NY000028101          Printed on: 10/21/2014    rowlandsb          PPN000000004270



October 21, 2014

RE:  **Tax Repayment Agreement PPN000000004270**
**NY000028101**

BAKER DAVID M
4580 SWEDEN-WALKER RD
BROCKPORT, NY 14420

**1049 - 1051 DEWEY AV**
**Rochester, NY**

To Whom It May Concern:

Enclosed please find your Tax Lien Repayment Agreement regarding your account # NY000028101.  Please sign and return the signature page along with your down payment by the due date specified within the Repayment Agreement using the enclosed self-addressed envelope.

We have also enclosed Payment Plan "Coupons" which should accompany every subsequent monthly payment.  Monthly payments should be submitted to the address listed on the Coupon.

We also have the option of accepting electronic payments through our online payment processor, Official Payments.  If you wish to pay the down payment and/or recurring monthly payments via Credit Card or Bank Account, please review the instructions on Schedule C.  **Please note that all electronic payments are subject to transaction fees as outlined in Schedule C.**

If you require any additional information or should have any questions, please do not hesitate to contact us at (888) 289-8297.  If you have any questions about the electronic payment option, please ask to speak with the EFT Department.

Sincerely,

Servicing Department
**American Tax Funding, LLC**
250 Tequesta Drive, Suite 306
Tequesta FL 33469
Phone: (888) 289-8297

**CC / Owner Address:**

**CC / Property Address:**

1049 - 1051 DEWEY AV
Rochester, NY

250 Tequesta Drive, Suite 306 -- Tequesta, FL 33469

**SCHEDULE A - Payoff Schedule**



**Cheswold (TL), LLC**
PO Box 12450
Newark, NJ 07101

888-289-8297
www.atfs.com

**Payoff Quote**

| | |
|---|---|
| **Internal Property ID** | NY000028101 |
| **Parcel Number** | 090.74-1-5 |
| **Date** | October 21, 2014 |
| **RE:** | 1049 - 1051 DEWEY AV<br>Rochester, NY |

| ATFS REF ID | Tax Year | Type | Date | Lien Principal | Interest | Fees | Payments | Total |
|---|---|---|---|---|---|---|---|---|
| LEN0077439 | 2012 | CITY | 03/01/2013 | 1,891.57 | 906.77 | 0.00 | 400.00 | 2,398.34 |
| LEN0093083 | 2013 | CITY | 04/01/2014 | 4,393.20 | 1,028.07 | 0.00 | 0.00 | 5,421.27 |
| NY000028101 | | | | 0.00 | 0.00 | 3,544.17 | 0.00 | 3,544.17 |
| | | | | **$ 6,284.77** | **1,934.84** | **3,544.17** | **400.00** | **$ 11,363.78** |

# PAYMENT COUPON

**Payment Number:** 1

Owner / Payor: **BAKER DAVID M**
**4580 SWEDEN-WALKER RD**
**BROCKPORT, NY 14420**

Due Date: **December 30, 2014**

Payment Amount: **$500.00**

Additional Amount: _____

**Mail Payment To:**

Cheswold (TL), LLC
PO Box 12450
Newark, NJ 07101

Amount Paid: _____

**Property Address:**

1049 - 1051 DEWEY AV
Rochester, NY

**Property ID**

NY000028101

**Payment Plan Number**

PPN000000004270

500.00

---

# PAYMENT COUPON

**Payment Number:** 2

Owner / Payor: **BAKER DAVID M**
**4580 SWEDEN-WALKER RD**
**BROCKPORT, NY 14420**

Due Date: **January 30, 2015**

Payment Amount: **$500.00**

Additional Amount: _____

**Mail Payment To:**

Cheswold (TL), LLC
PO Box 12450
Newark, NJ 07101

Amount Paid: _____

**Property Address:**

1049 - 1051 DEWEY AV
Rochester, NY

**Property ID**

NY000028101

**Payment Plan Number**

PPN000000004270

500.00

---

# PAYMENT COUPON

**Payment Number:** 3

Owner / Payor: **BAKER DAVID M**
**4580 SWEDEN-WALKER RD**
**BROCKPORT, NY 14420**

Due Date: **February 28, 2015**

Payment Amount: **$500.00**

Additional Amount: _____

**Mail Payment To:**

Cheswold (TL), LLC
PO Box 12450
Newark, NJ 07101

Amount Paid: _____

**Property Address:**

1049 - 1051 DEWEY AV
Rochester, NY

**Property ID**



NY000028101

**Payment Plan Number**



PPN000000004270

500.00

Form 16838 N.Y. DEED—WARRANTY with full covenants    0-0-0-7  7 4 3 2 7 8

# This Indenture, *Made the* 25th *day of*
September    *Nineteen Hundred and* eighty~nine
**Between**   ELEANOR E. VICK, as surviving tenant by the entirety of Frederick
William Vick and Eleanor E. Vick, husband and wife, residing at 4580 Sweden-
Walker Road, Brockport, New York, 14420,

                                        *part* y   *of the first part, and*
        DAVID M. BAKER and PATRICIA L. BAKER, husband and wife, as
tenants by the entirety, residing at 19 ~~Kingsbury~~ Street, Rochester, New York,
14613             Kislingbury

                                        *part* ies   *of the second part,*

**Witnesseth** *that the part* y   *of the first part, in consideration of*

ONE AND MORE~ - - - - - - - - - - - - - - - - - - - - - - Dollars ($ 1.00 +     )
*lawful money of the United States,*
*paid by the part* ies   *of the second part, do* es    *hereby grant and release unto the*
*part* ies   *of the second part,*   *their distributees*   *and assigns forever, all*
THAT TRACT OR PARCEL OF LAND, situate in the Town of Sweden, Monroe County,
New York, in Lot No. 13, in the 11th Section of the Triangular Tract in said
Town, described as follows:   COMMENCING at a point on the easterly line of
Sweden-Walker Road, 668.51 feet southerly of the southerly line of the
Brockport-Spencerport Road and thence (1) easterly at right angles a distance
of 202 feet; thence (2) southerly at right angles a distance of 100 feet; thence
(3) westerly at a right angle, 202 feet and thence (4) northerly along the
easterly line of said Sweden-Walker Road, 100 feet to the place of beginning.

Subject to public utility easements and tract restrictions, if any, of record
affecting the above described premises.

Being the same premises conveyed to the party of the first part hereto and
Frederick William Vick by deed executed by Erwin J. Parker dated July 17, 1957
and recorded in Monroe County Clerk's Office in Liber 3107 of Deeds at page 141.
The party of the first part covenants that the said Frederick William Vick,
also known as Frederick W. Vick died on April 20, 1983 and that your deponent
was the surviving tenant by the entirety.

084.030-02-005
4580 Sweden Walker Road

Sweden
Walker Rd.
3

**Together** with the appurtenances and all the estate and rights of the part y of the first part in and to said premises,

**To have and to hold** the premises herein granted unto the part ies of the second part, their distributees and assigns forever.

**And** said part y of the first part covenant as follows:

**First.** That the part ies of the second part shall quietly enjoy the said premises;

**Second.** That said part y of the first part

will forever **Warrant** the title to said premises.

**Third.** That, in Compliance with Sec. 13 of the Lien Law, the grantor will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

**In Witness Whereof,** the part y of the first part has hereunto set her hand and seal the day and year first above written.

**In Presence of**

*Eleanor E. Vick* [L.S.]

Eleanor E. Vick

[L.S.]

**State of New York**
**County of Orleans** } ss.    On this 25th day of September
Nineteen Hundred and eighty-nine

before me, the subscriber, personally appeared

ELEANOR E. VICK

to me personally known and known to me to be the same person described in and who executed the within Instrument, and s he duly acknowledged to me that she executed the same.

*Jean Wurthrich*

Notary Public

JEAN WURTHRICH
Notary Public, State of New York
Qualified in Monroe County
My Commission Expires 2/28/19__

**State of New York**
**County of** } ss.    On this
Nineteen Hundred

before me, the subscriber, personally appeared

to me personally known and known to me to be the same person described in and who executed the within Instrument, and he acknowledged to me that he executed the same.

Notary Public

**Deed**
Warranty With Lien Covenant

ELEANOR E. VICK

TO

DAVID M. BAKER
PATRICIA H. BAKER

Dated, September 1989

HEATH & MARTIN
ATTORNEYS AT LAW
46 VILLAGE SQUARE
P.O. BOX 200
HOLLEY, NEW YORK 14470

BOX 234

## QUIT CLAIM DEED

**THIS INDENTURE**, made this *9th* day of *November* , 2000

**BETWEEN    DAVID M. BAKER**, as owner of premises conveyed to Grantor by Administrator's Deed recorded on February 29, 2000 in Liber 09280 of Deeds at page 4, and by Administrator's Correction Deed recorded October 19, 2000 in Liber 09377 of Deeds at page 6, residing at 4580 Sweden- Walker Road , Brockport, New York 14420,

Grantor, and

**DAVID M. BAKER**, as owner of premises conveyed to Grantee by Warranty Deed recorded October 8, 1998 in Liber 09071 of Deeds at page 4, residing at 4580 Sweden-Walker Road, Brockport, New York 14420,

Grantee

**WITNESSETH**, that the Grantor, in consideration of ONE & MORE DOLLARS ($1 00 & More) paid by the Grantee, does hereby remise, release and quitclaim unto the grantee, his heirs or successors and assigns of the grantee forever,

ALL THAT TRACT OR PARCEL OF LAND situate in the City of Rochester, County of Monroe, State of New York,  being more particularly bounded and described as follows:

Commencing at a point in the southerly line of Birr Street where said line is intersected by the westerly line of Lot #90 of the Lake View Homestead Association Tract, thence running southerly along the westerly lines of said Lot #90 and Lot # 89 of said Tract, a distance of 90 feet to the southwesterly corner of said to #89, thence running easterly along the southerly line of said Lot No  89, a distance of ten (10) feet to a point, thence running northerly and parallel with, and ten (10) feet easterly from the westerly lines of said lots 89 and 90, a distance of ninety (90) feet easterly from said northwest corner of said lot No  90, thence running westerly along the southerly line of Birr Street and northerly line of said Lot No  90, a distance of ten (10) feet to the place or point of beginning

Being and intending to convey the same strip of land conveyed to Grantor by Administrator's Deed dated February 1, 2000 and recorded February 29, 2000 in the Monroe County Clerk's Office in Liber 09280 of Deeds at page 4, as corrected by Administrator's Correction Deed recorded in the Monroe County clerk's Office on October 19, 2000 in Liber 09377 of Deeds at page 6

Property Address     301 Birr St , Rochester, N
Tax Account No        090 74-1-4
Tax Billing Address·  4580 Sweden-Walker Rd
                                  14420

*Birr St.*
*4*

**TOGETHER** with all right, title and interest, if any, of the Grant
streets and roads abutting the above described premises to the center lines thereof,

**TOGETHER** with the appurtenances and all the estate and rights of the Grantor in and to said premises

**TO HAVE AND TO HOLD** the premises herein granted unto the Grantee, the heirs or successors and assigns of the Grantee forever

      **IN WITNESS WHEREOF,** the Grantor has executed this deed the day and year first above written,

X _____ L S
          David M Baker

**STATE OF NEW YORK, COUNTY OF MONROE**

      On the 9th day of November , 2000, before me, the undersigned, personally appeared DAVID M BAKER, personally known to me or proved to me on thye basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscrib3d to the within instrument and acknowledged to me that he/she/ they executed the same in his/her/their capacity(ies), and that by his/her/their signatures(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument

BERNARD D. LEVINE
Notary Public, State of New York
No. 02LE7510955
Commission Expires March 30, 20__

B6B (Official Form 6B) (12/07)

In re  David M. Baker & Patricia L. Baker _____    Case No. _____
           **Debtor**                                                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | Cash on hand | J | 10.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Money in bank | J | 1,000.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Household goods, furnishings, appliances, books & pictures | J | 2,066.00 |
| 5.  Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | Misc. wearing apparel | J | 45.00 |
| 7.  Furs and jewelry. | | Jewelry Exhibit "5" attached hereto: | J | 900.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | 8 pistols, 4 rifles and 10 shotguns | J | 800.00 |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | 1 term life insurance policy | J | Unknown |
| 10.  Annuities. Itemize and name each issuer. | | 2 annuities | J | 24,000.00 |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.8-811 - 30534-302V -*****

B6B (Official Form 6B) (12/07) -- Cont.

In re    David M. Baker & Patricia L. Baker _____    Case No. _____
                    **Debtor**                                                                (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13.  Stock and interests in incorporated and unincorporated businesses.  Itemize. | | 100% of Dewey Auto & Tire Center Inc | H | 1.00 |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18.  Other liquidated debts owing debtor including tax refunds.  Give particulars. | X | | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims.  Give estimated value of each. | X | | | |
| 22.  Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles.  Give particulars. | | New York State inspector's license | H | 1.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | | 1969 Chevy C10 Pickup, 80,000 miles<br>1976 El Dorado Cadillac, 89,000 miles<br>2004 Infiniti, 150,000 miles<br>2002 Dodge Caravan, 170,000 miles | J<br>J<br>H<br>H | 2,000.00<br>2,500.00<br>7,000.00<br>750.00 |
| 26.  Boats, motors, and accessories. | | 1976  Welcraft | J | 100.00 |
| 27.  Aircraft and accessories. | X | | | |

Bankruptcy2014 ©1991-2014 - New Hope Software, Inc., ver 4.7.8-816 - 30334-302Y-*****

B6B (Official Form 6B) (12/07) -- Cont.

In re   David M. Baker & Patricia L. Baker                                 Case No. _____
                 Debtor                                                                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 28.  Office equipment, furnishings, and supplies. | | Miscellaneous computer equipment | J | 25.00 |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | | 1 cat | J | 5.00 |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | Personal papers | J | 1.00 |

Bankruptcy2014-Q1991-2014, New Hope Software, Inc., ver 4.7.8-816 - 30334-302Y-*****

_____ __0__  continuation sheets attached     Total     $        41,204.00

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)



I VALUE PATTI BAKER'S RING AT $900.00 WHOLESALE.



B6C (Official Form 6C) (04/13)

In re   David M. Baker & Patricia L. Baker _____     Case No. _____
                    **Debtor**                                                   **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐  11 U.S.C. § 522(b)(2)               ☐ Check if debtor claims a homestead exemption that exceeds
☑  11 U.S.C. § 522(b)(3)                  $155,675*.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Homestead property - see Exhibit "1" attached | Art. X, Sec. 4 Fla. Const. | 137,799.00 | 150,295.00 |
| Cash on hand | Art. X, Sec. 4 Fla. Const. | 10.00 | 10.00 |
| Money in bank | Art. X, Sec. 4 Fla. Const. | 1,000.00 | 1,000.00 |
| Household goods, furnishings, appliances, books & pictures | Art. X, Sec. 4 Fla. Const. | 989.00 | 2,066.00 |
| 1 term life insurance policy | Sec. 222.13 and Sec. 222.14 Fs | Unknown | Unknown |
| 2 annuities | Sec. 222.13 and Sec. 222.14 Fs | 24,000.00 | 24,000.00 |
| 1969 Chevy C10 Pickup, 80,000 miles | Art. X, Sec. 4 Fla. Const. and  Sec. 222.25 FS | 2,000.00 | 2,000.00 |
| Personal papers | Art. X, Sec. 4 Fla. Const. | 1.00 | 1.00 |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.8-816 - 30334-302Y - •••••

*Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6D (Official Form 6D) (12/07)

In re  David M. Baker & Patricia L. Baker                    ,          Case No. _____
_____
       **Debtor**                                                              **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4270 <br><br> Cheswold (TL) LLC <br> c/o American Tax Funding LLC <br> 250 Tequesta Dr #306 <br> Tequesta FL 33469 | | | Lien: Lien on 1049-1051 Dewey Ave Rochester NY 14613 <br><br><br> VALUE $         92,000.00 | | | | 11,363.00 | 0.00 |
| ACCOUNT NO. 871.0 <br><br> City of Rochester/Dept of Fin <br> City Hall Rm 100A 30 Church St <br> Rochester NY 14614-1294 | | | Lien: Lien on 1049-1051 Dewey Ave Rochester NY 14613 <br><br><br> VALUE $         92,000.00 | | | | 5,027.00 | 0.00 |
| ACCOUNT NO. 133.9 <br><br> City of Rochester/Dept of Fin <br> City Hall Rm 100A 30 Church St <br> Rochester NY 14614-1294 | | | Lien: Lien on 301 Birr St Rochester NY 14613 <br><br><br> VALUE $         47,000.00 | | | | 1,926.00 | 0.00 |

__1__ continuation sheets attached

Subtotal ▶  $  18,316.00  | $  0.00
(Total of this page)

Total ▶  $             | $
(Use only on last page)

(Report also on Summary of Schedules)          (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Bankrupcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.8-816 - 30334-302Y-*****

B6D (Official Form 6D) (12/07) – Cont.

In re    David M. Baker & Patricia L. Baker    ,                    Case No. _____
                              **Debtor**                                                              (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 5209 <br><br> HSBC <br> 2001 Bishops Gate Blvd <br> Mt Laurel NJ 08054 | | | Lien: First Mortgage on 4580 Sweden Walker Road Brockport NY 14420 <br><br> VALUE $       103,300.00 | | | | 56,522.00 | 0.00 |
| ACCOUNT NO. 14-CA-050436 <br><br> JP Morgan Chase Bank NA <br> c/o Ashley Vanslette <br> 8201 Peters Rd #3000 <br> Plantation FL 33324-3292 | | | Lien: First Mortgage on Homestead <br><br> VALUE $       137,799.00 | | | | 259,000.00 | 121,201.00 |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal (s) ⟩
(Total(s) of this page)     $   315,522.00   $ 121,201.00

Total(s) ⟩
(Use only on last page)     $   333,838.00   $ 121,201.00

(Report also on           (If applicable, report
Summary of Schedules)     also on Statistical
                          Summary of Certain
                          Liabilities and Related

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.8-816 - 30334-302Y-*****

B6E (Official Form 6E) (04/13)

In re David M. Baker & Patricia L. Baker _____,    Case No._____
                    Debtor                                                                                (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7-848/6 - 30534-302Y - ******

B6E (Official Form 6E) (04/13) - Cont.

In re David M. Baker & Patricia L. Baker _____,   Case No._____
                         Debtor                                                      (if known)

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver 4.7.8-810 - 30334-302Y-*****

0   **continuation sheets attached**

B6F (Official Form 6F) (12/07)

In re __David M. Baker & Patricia L. Baker__,   Case No. _____
       **Debtor**                                        **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 6791/1001 | | | | | | | |
| Chase Cardmember Svc PO Box 15153 Wilmington DE 19886 | | | | | | | Notice Only |
| ACCOUNT NO. 7268 | | | | | | | |
| Discover Card PO Box 71084 Charlotte NC 28272 | | | | | | | 9,487.00 |
| ACCOUNT NO. 8853 | | | | | | | |
| ESL Credit Union PO Box 37603 Philadelphia PA 19101 | | | | | | | 4,814.00 |
| ACCOUNT NO. | | | | | | | |
| Internal Revenue Service PO Box 7346 Philadelphia PA 19101-7346 | | | | | | | Notice Only |

__1__ continuation sheets attached

Subtotal ▶ | $ | 14,301.00
Total ▶ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.8-816 - 30334-302Y-*****

B6F (Official Form 6F) (12/07) - Cont.

In re  David M. Baker & Patricia L. Baker _____ ,        Case No. _____
                              Debtor                                                                          (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> VSAC <br> PO Box 2000 <br> Vinooski VT 05404 | | | | | | | Notice Only |
| ACCOUNT NO. <br><br> | | | | | | | |
| ACCOUNT NO. <br><br> | | | | | | | |
| ACCOUNT NO. <br><br> | | | | | | | |
| ACCOUNT NO. <br><br> | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached          Subtotal ➤ | $ | 0.00
to Schedule of Creditors Holding Unsecured
Nonpriority Claims                                                          Total ➤ | $ | 14,301.00

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankrupcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.8-816 - 30334-302Y-*****

B6G (Official Form 6G) (12/07)

In re ___David M. Baker & Patricia L. Baker_____   Case No. _____
    ————————————————————
            **Debtor**                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| M V Ler<br>301 Birr St<br>Rochester NY 14513 | Residential real property |
| James Baker<br>4580 Sweden Walker Rd<br>Brockport NY 14420 | Residential real property |
| | |
| | |
| | |
| | |
| | |

B6H (Official Form 6H) (12/07)

In re __David M. Baker & Patricia L. Baker__                Case No. _____
                    __Debtor__                                              __(if known)__

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| James D Baker<br>4580 Sweden Walker Rd<br>Brockport NY 14420 | VSAC<br>PO Box 2000<br>Winooski VT 05404 |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver 4.7.8-816 - 30334-302Y-*****

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | David M. Baker |
| | First Name    Middle Name    Last Name |
| Debtor 2 | Patricia L. Baker |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | Middle _____ District of FL |
| Case number (if known) | _____ |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:
_____
MM / DD / YYYY

Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

1. Fill in your employment information.

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ☒ Employed ☐ Not employed | ☒ Employed ☐ Not employed |
| Occupation | | Owner | Sales associate |
| Employer's name | | Dewey Auto & Tire Center Inc | The Gap |
| Employer's address | | Rochester NY | Cape Coral FL |
| | | Number   Street | Number   Street |
| | | Rochester NY | Cape Coral FL |
| | | City    State    ZIP Code | City    State    ZIP Code |
| How long employed there? | | 16 years | 9 years |

## Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 6,500.00 | $ 591.00 |
| 3. Estimate and list monthly overtime pay. | 3. + $ 0.00 | + $ 0.00 |
| 4. Calculate gross income. Add line 2 + line 3. | 4. $ 6,500.00 | $ 591.00 |

Bankrupcy 2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.8-816 - 30334-302Y-*****

Debtor 1    **David M. Baker**

First Name    Middle Name    Last Name

Case number (if known)_____

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here .................................................. → | 4. | $ 6,500.00 | $ 591.00 |

5. List all payroll deductions:

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 1,365.00 | $ 0.00 |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. Other deductions. Specify: ; | 5h. | + $ 0.00 | + $ 0.00 |
| 6. Add the payroll deductions. Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $ 1,365.00 | $ 0.00 |
| 7. Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 5,135.00 | $ 591.00 |

8. List all other income regularly received:

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. Net income from rental property and from operating a business, profession, or farm<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 546.00 | $ 0.00 |
| 8b. Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| 8e. Social Security | 8e. | $ 0.00 | $ 0.00 |
| 8f. Other government assistance that you regularly receive<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: ; | 8f. | $ 0.00 | $ 0.00 |
| 8g. Pension or retirement income | 8g. | $ 0.00 | $ 0.00 |
| 8h. Other monthly income. Specify: ; | 8h. | + $ 0.00 | + $ 0.00 |
| 9. Add all other income. Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 546.00 | $ 0.00 |
| 10. Calculate monthly income. Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 5,681.00 + | $ 591.00 = | $ 6,272.00 |

11. State all other regular contributions to the expenses that you list in *Schedule J*.

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.

Specify: _____    11. + $ 0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.

Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data*, if it applies    12.    $ 6,272.00

Combined monthly income

13. Do you expect an increase or decrease within the year after you file this form?

☒ No.

☐ Yes. Explain:

## RENTAL - SWEDEN

Monthly income $850

Less expense of mortgage $850

Net is $0.00

## RENTAL - BIRR

Monthly income $700

Less expenses of water and insurance $154

Net is $546

M:\USERS\RUTH\D Baker.rental.wpd

## BUSINESS

|       | INCOME       | EXPENSES     |
|-------|--------------|--------------|
| 04/14 | $15,738.87   | $20,634.43   |
| 05/14 | $11,679.71   | $15,431.59   |
| 06/14 | $13,455.42   | $12,832.15   |
| 07/14 | $11,992.55   | $13,739.88   |
| 08/14 | $15,360.62   | $15,901.56   |
| 09/14 | $10,585.29   | $12,318.70   |
| TOTAL | $78,752,46   | $90,858.31   |

NET INCOME IS -$12,106

M:\USERS\RUTH\D Baker.business.wpd

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | David M. Baker |
| | First Name    Middle Name    Last Name |
| Debtor 2 | Patricia L. Baker |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | Middle    District of FL |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☐ No.  Go to line 2.
   ☒ Yes. Does Debtor 2 live in a separate household?

       ☒ No
       ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☐ No
   ☒ Yes. Fill out this information for each dependent.........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| daughter | 16 | ☐ No  ☒ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☒ No
   ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form B 6I).

| | | Your expenses |
|---|---|---|
| 4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | $ 0.00 |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a. | $ 0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $ 0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $ 0.00 |
| 4d. Homeowner's association or condominium dues | 4d. | $ 0.00 |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.8-816 - 30334-202Y-*****

Debtor 1    David M. Baker _____    Case number _(if known)_ _____
          First Name    Middle Name    Last Name

**Your expenses**

| | | |
|---|---|---|
| 5. Additional mortgage payments for your residence, such as home equity loans | 5. | $_____ 0.00 |

6. **Utilities:**

| | | |
|---|---|---|
| 6a. Electricity, heat, natural gas | 6a. | $_____ 0.00 |
| 6b. Water, sewer, garbage collection | 6b. | $_____ 0.00 |
| 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $_____ 0.00 |
| 6d. Other. Specify: _____ | 6d. | $_____ 0.00 |
| 7. Food and housekeeping supplies | 7. | $_____ 0.00 |
| 8. Childcare and children's education costs | 8. | $_____ 0.00 |
| 9. Clothing, laundry, and dry cleaning | 9. | $_____ 0.00 |
| 10. Personal care products and services | 10. | $_____ 0.00 |
| 11. Medical and dental expenses | 11. | $_____ 0.00 |
| 12. Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $_____ 0.00 |
| 13. Entertainment, clubs, recreation, newspapers, magazines, and books | 13. | $_____ 0.00 |
| 14. Charitable contributions and religious donations | 14. | $_____ 0.00 |

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

| | | |
|---|---|---|
| 15a. Life insurance | 15a. | $_____ 0.00 |
| 15b. Health insurance | 15b. | $_____ 0.00 |
| 15c. Vehicle insurance | 15c. | $_____ 0.00 |
| 15d. Other insurance. Specify:_____ | 15d. | $_____ 0.00 |

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____

| | | |
|---|---|---|
| | 16. | $_____ 0.00 |

17. **Installment or lease payments:**

| | | |
|---|---|---|
| 17a. Car payments for Vehicle 1 | 17a. | $_____ 0.00 |
| 17b. Car payments for Vehicle 2 | 17b. | $_____ 0.00 |
| 17c. Other. Specify:_____ | 17c. | $_____ 0.00 |
| 17d. Other. Specify:_____ | 17d. | $_____ 0.00 |

| | | |
|---|---|---|
| 18. Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form B 6I). | 18. | $_____ 0.00 |

19. **Other payments you make to support others who do not live with you.**
Specify:_____

| | | |
|---|---|---|
| | 19. | $_____ 0.00 |

20. **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.**

| | | |
|---|---|---|
| 20a. Mortgages on other property | 20a. | $_____ 0.00 |
| 20b. Real estate taxes | 20b. | $_____ 0.00 |
| 20c. Property, homeowner's, or renter's insurance | 20c. | $_____ 0.00 |
| 20d. Maintenance, repair, and upkeep expenses | 20d. | $_____ 0.00 |
| 20e. Homeowner's association or condominium dues | 20e. | $_____ 0.00 |

Debtor 1    David M. Baker
            First Name      Middle Name        Last Name

Case number (if known)_____

21. **Other.** Specify: _____ _____    21.  +$ _____ 0.00

22. **Your monthly expenses.** Add lines 4 through 21.
    The result is your monthly expenses.                              22.   $ _____ 0.00

23. **Calculate your monthly net income.**

    23a.  Copy line 12 (*your combined monthly income*) from *Schedule I*.    23a.  $ _____ 1,137.00

    23b.  Copy your monthly expenses from line 22 above.                23b.  — $ _____ 0.00

    23c.  Subtract your monthly expenses from your monthly income.
          The result is your *monthly net income*.                     23c.  $ _____ 1,137.00

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your
    mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    [X] No.
    [ ] Yes.   Explain here:

B6 (Official Form 6 - Declaration) (12/07)

David M. Baker & Patricia L. Baker

In re _____     Case No. _____
                    **Debtor**                                              **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES
### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

     I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___20___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____     Signature: _____
                                                                **Debtor**

Date _____     Signature: _____
                                                         **(Joint Debtor, if any)**

[If joint case, both spouses must sign.]

--------------------------------------------------------------------------------

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

    I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name and Title, if any,                Social Security No.
of Bankruptcy Petition Preparer                         *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____     _____
Signature of Bankruptcy Petition Preparer              Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

--------------------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

    I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets *(total shown on summary page plus 1),* and that they are true and correct to the best of my knowledge, information, and belief.

Date _____     Signature: _____

                                             _____
                                             [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

--------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.8-816 - 30334-302Y-*****

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida

In Re  David M. Baker & Patricia L. Baker                                      Case No. _____
                                                                                                    (if known)

### STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  If the answer to an applicable question is "None," mark the box labeled "None."  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

_____

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | | SOURCE |
|---|---|---|---|
| 2014(db) | 11,421 | Wages | |
| 2013(db) | 27,307 | Wages | |
| 2012(db) | 30,657 | Wages | |
| | | | |
| 2014(jdb) | | | |
| 2013(jdb) | | | |
| 2012(jdb) | | | |

B7 (Official Form 7) (04/13)                                                                                              2

---

**2. Income other than from employment or operation of business**

None
☒

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|

---

**3. Payments to creditors**

None
☐

*Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------------------------------|-------------------|-------------|--------------------|
| HSBC<br>2001 Bishops Gate Blvd<br>Mt Laurel NJ 08054 | Monthly | $800 | $50,000.00 |

---

None
☒

*b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after date of adjustment.*

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---------------------------------------------------------|-------------------|-------------|--------------------|

B7 (Official Form 7) (04/13)                                                                                                      3

None
☒          *c. All debtors:* List all payments made within one year immediately preceding the commencement of this case
            to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13
            must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are
            separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐          a.      List all suits and administrative proceedings to which the debtor is or was a party within one year
            immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13
            must include information concerning either or both spouses whether or not a joint petition is filed, unless the
            spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| JP Morgan Chase Bank NA v Debtor # 14 CA 050436 | Foreclosure | Circuit Court Lee County FL | Pending |

None
☒          b.      Describe all property that has been attached, garnished or seized under any legal or equitable process
            within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12
            or chapter 13 must include information concerning property of either or both spouses whether or not a joint
            petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
☒          List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a
            deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement
            of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
            property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
            joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver 4.7-848/6 - 30334-302Y -*****

B7 (Official Form 7) (04/13)                                                                                         4

---

**6.  Assignments and Receiverships**

None    a.      Describe any assignment of property for the benefit of creditors made within 120 days immediately
☒       preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include
        any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated
        and a joint petition is not filed.)

| NAME AND | DATE OF ASSIGNMENT | TERMS OF |
| ADDRESS | | ASSIGNMENT |
| OF ASSIGNEE | | OR SETTLEMENT |

---

None    b.      List all property which has been in the hands of a custodian, receiver, or court-appointed official within
☒       one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or
        chapter 13 must include information concerning property of either or both spouses whether or not a joint petition
        is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND | NAME AND LOCATION | DATE OF | DESCRIPTION AND |
| ADDRESS | OF COURT CASE TITLE | ORDER | VALUE OF PROPERTY |
| OF CUSTODIAN | & NUMBER | | |

---

**7.  Gifts**

None    List all gifts or charitable contributions made within one year immediately preceding the commencement of
☒       this case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual
        family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing
        under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a
        joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND | RELATIONSHIP | DATE OF | DESCRIPTION AND |
| ADDRESS OF | TO DEBTOR, IF ANY | GIFT | VALUE OF GIFT |
| PERSON OR ORGANIZATION | | | |

---

**8.  Losses**

None    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the
☒       commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12
        or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the
        spouses are separated and a joint petition is not filed.)

| DESCRIPTION | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS | DATE OF |
| AND VALUE | WAS COVERED IN WHOLE OR IN PART BY | LOSS |
| OF PROPERTY | INSURANCE, GIVE PARTICULARS | |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7-848/6 - 30334-202Y-*****

B7 (Official Form 7) (04/13)                                                                                    5

---

**9.  Payments related to debt counseling or bankruptcy**

None  
☐            List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Richard J. Hollander Miller & Hollander 2430 Shadowlawn Drive, Suite 18 Naples, FL 34112 | 10/14 | $1,500 attorneys fees; $310 filing fees |

---

**10.  Other transfers**

None  
☐       a.    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Mr & Mrs Marsall Gilmore Rd Brockport NY Relationship: Not related | 10/26/14 | 1999 Volkswagen Beetle $1,000 |

---

b.   List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

None  
☒

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                                          6

---

**11.  Closed financial accounts**

None
☒           List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor
which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of
this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments;
shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage
houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include
information concerning accounts or instruments held by either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

---

**12.  Safe deposit boxes**

None
☒           List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other
valuables within one year immediately preceding the commencement of this case.   (Married debtors filing
under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

---

**13.  Setoffs**

None
☒           List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90
days preceding the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must
include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses
are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

**14.  Property held for another person**

None
☒           List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

B7 (Official Form 7) (04/13)                                                                                           7

---

**15.  Prior address of debtor**

None


     If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                        NAME USED                                    DATES OF OCCUPANCY

---

**16.  Spouses and Former Spouses**

None


     If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

        NAME

---

**17.  Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

     "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

     "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

---

None

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. ver 4.7.8-816 - 30334-302YY-*****

8

None
☒
    b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
☒
    c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

**18. Nature, location and name of business**

None
☐
    a.    If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |
| Dewey Auto Center Inc | Tire   16-1591030 | 1051 Dewey Avenue Rochester NY 14613 | Auto repair | 1998 to date |

None
☒
    b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19.  Books, record and financial statements**

None    a.   List all bookkeepers and accountants who within the two years immediately preceding the filing of this
☒       bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                     DATES SERVICES RENDERED

None    b.   List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy
☒       case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

None    c.   List all firms or individuals who at the time of the commencement of this case were in possession of the
☐       books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                              ADDRESS

David M Baker                                      1624 SW 43rd Terrace
                                                  Cape Coral FL 33914

None    d.   List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom
☒       a financial statement was issued within the two years immediately preceding the commencement of this case by
      the debtor.

NAME AND ADDRESS                                  DATE
                                                  ISSUED

B7 (Official Form 7) (04/13)                                                                                      10

---

**20. Inventories**

None      a.      List the dates of the last two inventories taken of your property, the name of the person who supervised the
☒       taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY             INVENTORY SUPERVISOR          DOLLAR AMOUNT OF INVENTORY
                                                           (Specify cost, market or other basis)

---

None      b.      List the name and address of the person having possession of the records of each of the two inventories
☒       reported in a., above.

DATE OF INVENTORY                              NAME AND ADDRESSES OF CUSTODIAN OF
                                              INVENTORY RECORDS

---

**21. Current Partners, Officers, Directors and Shareholders**

None      a.      If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
☒

NAME AND ADDRESS          NATURE OF INTEREST          PERCENTAGE OF INTEREST

---

None      b.      If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
☒       directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS              TITLE              NATURE AND PERCENTAGE OF
                                               STOCK OWNERSHIP

---

**22. Former partners, officers, directors and shareholders**

None      a.      If the debtor is a partnership, list each member who withdrew from the partnership within one year
☒       immediately preceding the commencement of this case.

NAME                    ADDRESS                    DATE OF WITHDRAWAL

---

None      b.      If the debtor is a corporation, list all officers, or directors whose relationship with the corporation
☒       terminated within one year immediately preceding the commencement of this case.

NAME AND ADDRESS              TITLE              DATE OF TERMINATION

B7 (Official Form 7) (04/13)                                                                                                                11

---

**23.    Withdrawals from a partnership or distribution by a corporation**

None      If the debtor is a partnership or a corporation, list all withdrawals or distributions credited or given to an
☒      insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other
perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24.    Tax Consolidation Group**

None      If the debtor is a corporation, list the name and federal taxpayer identification number of the parent
☒      corporation of any consolidated group for tax purposes of which the debtor has been a member at any time
within the six-year period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

---

**25.    Pension Funds**

None      If the debtor is not an individual, list the name and federal taxpayer identification number of any pension
☒      fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year
period immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

*    *    *    *    *    *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments
thereto and that they are true and correct.

Date _____        Signature
of Debtor      DAVID M. BAKER

Date _____        Signature
of Joint Debtor      PATRICIA L. BAKER

Chase Cardmember Svc
PO Box 15153
Wilmington DE 19886

c/o American Tax Funding LLC
250 Tequesta Dr #306
Tequesta FL 33469

City of Rochester/Dept of Fin
City Hall Rm 100A 30 Church St
Rochester NY 14614-1294

City of Rochester/Dept of Fin
City Hall Rm 100A 30 Church St
Rochester NY 14614-1294

Discover Card
PO Box 71084
Charlotte NC 28272

ESL Credit Union
PO Box 37603
Philadelphia PA 19101

HSBC
2001 Bishops Gate Blvd
Mt Laurel NJ 08054

Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

James Baker
4580 Sweden Walker Rd
Brockport NY 14420

James D Baker
4580 Sweden Walker Rd
Brockport NY 14420

JP Morgan Chase Bank NA
c/o Ashley Vanslette
8201 Peters Rd #3000
Plantation FL 33324-3292

M V Ler
301 Birr St
Rochester NY 14513

VSAC
PO Box 2000
Vinooski VT 05404

B22C (Official Form 22C) (Chapter 13) (04/13)

In re ___David M. Baker & Patricia L. Baker___
           Debtor(s)

Case Number: _____
              (If known)

According to the calculations required by this statement:
- ☑ The applicable commitment period is 3 years.
- ☐ The applicable commitment period is 5 years.
- ☐ Disposable income is determined under § 1325(b)(3).
- ☑ Disposable income not determined under § 1325(b)(3).

(Check the boxes as directed in Lines 17 and 23 of this statement.)

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
## AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedule I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. REPORT OF INCOME | | |
|---|---|---|

| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. <br> a. ☐ **Unmarried.** Complete only Column A ("Debtor's Income") for Lines 2-10. <br> b. ☑ **Married.** Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10. | | |
|---|---|---|---|

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A <br> Debtor's <br> Income | Column B <br> Spouse's <br> Income |
|---|---|---|---|
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 0.00 | $ 591.00 |

| 3 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | |
|---|---|---|---|

| | a. | Gross receipts | $ 16,749.00 | | |
|---|---|---|---|---|---|
| | b. | Ordinary and necessary business expenses | $ 16,749.00 | | |
| | c. | Business income | Subtract Line b from Line a | $ 0.00 | $ 0.00 |

| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | |
|---|---|---|---|

| | a. | Gross receipts | $ 1,550.00 | | |
|---|---|---|---|---|---|
| | b. | Ordinary and necessary operating expenses | $ 1,078.00 | | |
| | c. | Rent and other real property income | Subtract Line b from Line a | $ 472.00 | $ 0.00 |

| 5 | **Interest, dividends and royalties.** | $ 0.00 | $ 0.00 |
|---|---|---|---|
| 6 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0.00 | $ 0.00 |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver 4.7.8-816 - 30534-302Y-*****

B22C (Official Form 22C) (Chapter 13) (04/13) - Cont.

2

| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $ 0.00 — Spouse $ 0.00 | $ 0.00 | $ 0.00 |
|---|---|---|---|
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a.    $ 0.00<br>b.    $ 0.00 | $ 0.00 | $ 0.00 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $ 472.00 | $ 591.00 |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | $ 1,063.00 |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the Amount from Line 11. | $ 1,063.00 |
|---|---|---|
| 13 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero.<br><br>a.    $ 0.00<br>b.    $ 0.00<br>c.    $ 0.00<br><br>Total and enter on Line 13. | $ 0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ 1,063.00 |
| 15 | **Annualized current monthly income for §1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ 12,756.00 |
| 16 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence:    Florida    b. Enter debtor's household size:    3 | $ 54,742.00 |
| 17 | **Application of §1325(b)(4).** Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>☐ **The amount on Line 15 is more than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the Amount from Line 11. | $ 1,063.00 |
|---|---|---|

Bankruptcy 2014 ©1991-2014, New Hope Software, Inc., ver 4.7.8-816 - 30334-302Y-******

3

| 19 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify, in the lines below, the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
|---|---|---|
| | a. _____ $ 0.00 | |
| | b. _____ $ 0.00 | |
| | c. _____ $ 0.00 | |
| | Total and enter on Line 19. | $ 0.00 |
| 20 | **Current monthly income for §1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ 1,063.00 |
| 21 | **Annualized current monthly income for §1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ 12,756.00 |
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ 54,742.00 |
| 23 | **Application of §1325(b)(3).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under §1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☑ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under §1325(b)(3)" at the top of page 1 of this statement and continue with Part VII of this statement. **Do not complete Parts IV, V or VI.** | |

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ N.A. |
|---|---|---|
| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | |

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | N.A. | a2. | Allowance per person | N.A. |
| b1 | Number of persons | N.A. | b2. | Number of persons | N.A. |
| c1. | Subtotal | N.A. | c2. | Subtotal | N.A. |

| | | $ N.A. |
|---|---|---|
| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ N.A. |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.8-816 - 30334-302V-\*\*\*\*\*\*

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $                N.A. | |
| | | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $                N.A. | |
| | | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $    N.A. |

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br>_____<br>_____<br>_____ | $    N.A. |
|---|---|---|

| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0 ☐ 1 ☐ 2 or more.<br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $    N.A. |
|---|---|---|

| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $    N.A. |
|---|---|---|

| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1 ☐ 2 or more.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | | a. | IRS Transportation Standards, Ownership Costs | $                N.A. | |
| | | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $                N.A. | |
| | | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $    N.A. |

B22C (Official Form 22C) (Chapter 13) (04/13) - Cont.

5

| 29 | Local Standards: transportation ownership/lease expense; Vehicle 2. Complete this Line only if you checked the "2 or more" Box in Line 28. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | | | | |
|---|---|---|---|---|---|
| | | a. | IRS Transportation Standards, Ownership Costs | $          N.A. | |
| | | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $          N.A. | |
| | | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ N.A. |
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | | | | $ N.A. |
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | | | | $ N.A. |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | | | | $ N.A. |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due support obligations included in Line 49.** | | | | $ N.A. |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | | | | $ N.A. |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | | | | $ N.A. |
| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | | | | $ N.A. |
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunications services other than your basic home telephone  and cell phone service – such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents.  **Do not include any amount previously deducted.** | | | | $ N.A. |
| 38 | **Total Expenses Allowed under IRS Standards.**   Enter the total of Lines 24 through 37. | | | | $ N.A. |
| | **Subpart B: Additional Living Expense Deductions** **Note: Do not include any expenses that you have listed in Lines 24-37** | | | | |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.8-816 - 30334-302V-*****

B22C (Official Form 22C) (Chapter 13) (04/13) - Cont.

6

| | | | |
|---|---|---|---|
| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |
| | a. Health Insurance | $ N.A. | |
| | b. Disability Insurance | $ N.A. | |
| | c. Health Savings Account | $ N.A. | |
| | Total and enter on Line 39 | | $ N.A. |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $ _____ N.A. | | |
| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | | $ N.A. |
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | | $ N.A. |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | | $ N.A. |
| 43 | **Education expenses for dependent children under18.** Enter the total average monthly expenses that you actually incur, not to exceed $156.25 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | | $ N.A. |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | | $ N.A. |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | | $ N.A. |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | | $ N.A. |

**Subpart C: Deductions for Debt Payment**

| | | | | |
|---|---|---|---|---|
| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes and insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| b. | | | $ | ☐ yes ☐ no |
| c. | | | $ | ☐ yes ☐ no |
| | | | Total: Add Lines a, b and c | |

$ N.A.

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.8-816 - 30534-302Y-******

B22C (Official Form 22C) (Chapter 13) (04/13) - Cont.

7

| 48 | Other payments on secured claims. If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | | |
|---|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| | | | Total: Add Lines a, b and c |

| 48 | | | | Total: Add Lines a, b and c | $ N.A. |
|---|---|---|---|---|---|

| 49 | Payments on prepetition priority claims. Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | | $ N.A. |
|---|---|---|---|

| 50 | Chapter 13 administrative expenses. Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| a. | Projected average monthly Chapter 13 plan payment. | $ N.A. | |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x N.A. | |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ N.A. |

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ N.A. |
|---|---|---|

| **Subpart D: Total Deductions from Income** | | |
|---|---|---|

| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ N.A. |
|---|---|---|

## Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ N.A. |
|---|---|---|

| 54 | Support income. Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ N.A. |
|---|---|---|

| 55 | Qualified retirement deductions. Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ N.A. |
|---|---|---|

| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ N.A. |
|---|---|---|

| 57 | Deduction for special circumstances. If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of theses expenses and you must provide a detailed explanation of the special circumstances that make such expenses necessary and reasonable.** | | |
|---|---|---|---|

| | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | | Total: Add Lines a, b and c |

| 57 | | | Total: Add Lines a, b and c | $ N.A. |
|---|---|---|---|---|

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver # 4.8-816 - 30334-802V-*****

| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56 and 57 and enter the result. | $ | N.A. |
|----|----|----|----|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ | N.A. |

## Part VI: ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |

|  | Expense Description | Monthly Amount |
|----|----|----|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b and c | N.A. |

## Part VII: VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date:_____  Signature: _____<br>*(Debtor)*<br><br>Date:_____  Signature: _____<br>*(Joint Debtor, if any)* |

# Form 22 Continuation Sheet

| **Income Month 1** | | |
|---|---|---|
| Gross wages, salary, tips... | 0.00 | 591.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 472.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

| **Income Month 2** | | |
|---|---|---|
| Gross wages, salary, tips... | 0.00 | 591.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 472.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

| **Income Month 3** | | |
|---|---|---|
| Gross wages, salary, tips... | 0.00 | 591.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 472.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

| **Income Month 4** | | |
|---|---|---|
| Gross wages, salary, tips... | 0.00 | 591.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 472.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

| **Income Month 5** | | |
|---|---|---|
| Gross wages, salary, tips... | 0.00 | 591.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 472.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

| **Income Month 6** | | |
|---|---|---|
| Gross wages, salary, tips... | 0.00 | 591.00 |
| Income from business... | 0.00 | 0.00 |
| Rents and real property income... | 472.00 | 0.00 |
| Interest, dividends... | 0.00 | 0.00 |
| Pension, retirement... | 0.00 | 0.00 |
| Contributions to HH Exp... | 0.00 | 0.00 |
| Unemployment... | 0.00 | 0.00 |
| Other Income... | 0.00 | 0.00 |

# Additional Items as Designated, if any

# Remarks

Bankruptcy2014 © 1991-2014, New Hope Software, Inc., ver 4.7.8-816 - 30334-302Y-*****

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION
### CHAPTER 13 PLAN

Debtor(s)                          Case No:

DAVID M. BAKER and
PATRICIA L. BAKER

<u>Chapter 13 Plan</u>

**CHECK ONE:**

__XX__ The Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

_____ The Plan contains provisions that are specific to this Plan in <u>Additional Provisions, paragraph 8(e) below.</u> Any nonconforming provisions not set forth in paragraph 8(e) are deemed stricken.

1. **MONTHLY PLAN PAYMENTS:** Plan payments including Trustee's fee of 10% and beginning thirty (30) days from filing/conversion date. The Debtor shall make payments to the Trustee for the period of __60__ months. In the event the Trustee does not retain full 10%, any portion not retained will be paid to unsecured creditors *pro rata* under the plan.

A.  $ 2,997.00 for months __1__ through __60__ ;
B.  $_____ for months _____ through _____ ;
C.  $_____ for months _____ through _____ ;

in order to pay the following creditors:

**2. ADMINISTRATIVE ATTORNEY FEE:** $ 4,100.00 **TOTAL PAID** $1,500.00 **Payable Through Plan** $ 2,600.00 **Monthly Payable Through Plan** $ **Maximum Allowed.**

**3. PRIORITY CLAIMS [as defined in 11 U.S.C. §507]:**

**Name of Creditor**                                      **Total Claim**

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**TRUSTEE FEES:**  Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

### 5. SECURED CLAIMS:

   Pre-Confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. To the extent the Debtor makes such pre-confirmation payments, secured creditors who have filed proofs of claim prior to the claims bar date or within 14 days from the date of an order converting or dismissing the case, whichever date is earlier, shall have an administrative lien on such payment(s) *pro rata* with other secured creditors, subject to objection by the Debtor or Trustee.

| Name of Creditor | Collateral | Adequate Protection Pmt. in Plan |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

   **(A)  Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments Paid through the Plan:**  If the Plan provides for the curing of prepetition arrearages on a mortgage, the Debtor will pay, in addition to all sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payment on the following mortgage claims:

| Name of Creditor | Collateral | Regular Monthly Payment | Arrearages (if any) |
|---|---|---|---|
| JPMorganChase Bank | Homestead | $2,100.00 | $18,900.00 |

   **(B)  Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification:** Pending the resolution of a mortgage modification request, the Debtor shall make the following adequate protection payments to the Trustee, calculated at 31% of the Debtor's gross monthly income. Absent further order this Court, the automatic stay shall terminate effective 6 months after the filing of the Debtor's bankruptcy petition.

| Name of Creditor | Collateral | Payment Amt (at 31%) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**(C) Liens to Be Avoided/Stripped:**

| Name of Creditor | Collateral | Estimated Amount |
|---|---|---|
| | | |
| | | |
| | | |

**(D)    Claims Secured by Personal Property to Which Section 506 Valuation is Valuation APPLIES:** Pursuant to 11 U.S.C. sec 1322(b)(2), this provision does not apply to a claim secured solely by the Debtor's principal residence. The secured portion of the claim, estimated below, and to be determined in connection with a motion to determine secured status, shall be paid as follows:

| Creditor | Collateral | Value | Payment | Interest @_____% |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**(E)    Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY:** Claims of the following secured creditors shall be paid in full with interest at the rate set forth below as follows.

| Creditor | Collateral | Balance | Payment | Interest @ _____% |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**(F)    Claims secured by Personal Property/ Regular Adequate Protection and Arrearages, if any Paid in the Plan:**

| Name of Creditor | Collateral | Regular Payment | Arrearages |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**(G)    Secured Claims/Lease Claims Paid Direct by the Debtor:** The following secured claims/lease claims are to be paid direct to the creditor or lessor by the Debtor outside the Plan. The automatic stay and any codetor stay are terminated *in rem* as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate the Debtor's state law contract rights. The Plan must provide for the assumption of lease claims in the Lease/Executory Contract section below.

3

| Name of Creditor | Property/Collateral |
|---|---|
| HSBC | 4580 Sweden Walker Road |
|  | Brockport NY 14420  City of |
| Rochester | 301 Birr St |
|  | Rochester NY 14613 |
| City of Rochester | 1049-1051 Dewey Ave |
|  | Rochester NY 14613 |
| Cheswold(TL)LLC | 1049-1051 Dewey Ave |
|  | Rochester NY 14613 |

**(H)  Secured Claims/Leased Claims Not Provided for Under the Plan:**
The following secured claims/leased claims are not provided for under the Plan. As such the automatic stay and any codebtor stay do not apply and the Debtor's liability to the creditor is NOT DISCHARGED under the Plan. Nothing herein is intended to abrogate the Debtor's state law contract rights.

| Name of Creditor | Property/Collateral |
|---|---|
|  |  |
|  |  |

**(I)   Surrender of Collateral/Lease Property:** Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. The automatic stay and any codebtor stay are terminated *in rem* as to these creditors and lessors upon the filing of this Plan. The Plan must provide for the rejection of lease claims in the Lease/Executor Contract section below.

| Name of Creditor | Property/Collateral to be Surrendered |
|---|---|

**6.  LEASES/EXECUTORY CONTRACTS:**

| Name of Creditor | Property | Assume/Reject-Surrender | Estimated Arrears |
|---|---|---|---|
| M V Ler | Residential real property | Assume | $0 |
| James Baker | Residential real property | Assume | $0 |

**7. GENERAL UNSECURED CREDITORS:**   General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan.  The estimated dividend to unsecured creditors is $14,301.00.

**8. ADDITIONAL PROVISIONS:**

(a) Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

4

(b) Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as may be allowed by a specific Order of the Bankruptcy Court.

(c)   Property of the estate (check one)*

   (a) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

   (b) __XX__ shall vest in the Debtor upon confirmation of the Plan.

   *If the Debtor fails to check (a) or (b) above, or if the Debtor checks both (a) and (b), property of the estate shall not vest in the Debtor until the earlier of the Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

(d)   The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.  The Trustee shall only make payment to creditors with filed and allowed proof of claims.  An allowed proof of claim will be controlling, unless the Court orders otherwise.

(e)  Case Specific Provisions: _____

_____

_____


_____

DAVID M. BAKER                                    Dated: _____


_____

PATRICIA L. BAKER                                Dated: _____